[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #113
The defendant, St. Mary's Hospital seeks to dismiss this action on the grounds that the plaintiff has failed to exhaust her administrative remedies and that she is contractually obligated to resolve her claim in accordance with bylaws of the hospital, before a executive committee prior to instituting this action. The plaintiff argues that, "the defendant has refused to afford the plaintiff the administrative hearing to which she is entitled under the hospital's bylaws." (Plaintiff's Memorandum In Opposition To Motion To Dismiss, p. 2.) The defendant acknowledges, that the plaintiff was notified of her suspension in February of 1997 and that she was informed that she had the right to request a hearing within a prescribed period. It is admitted that the plaintiff with the time allowed did request said hearing which the defendant was to schedule with thirty days. From April 30, 1997 to May 1998 about eighteen letters were exchanged between counsel in an attempt to schedule a hearing that was finally scheduled on May 13, 1998. A dispute arose at that hearing which the parties have been unable to resolve to this date and a new date has not been scheduled.
"The Superior Court lacks subject matter jurisdiction in a matter if an adequate administrative remedy exists, and it has not been exhausted." Malasky v. Metal Products Corp. ,44 Conn. App. 446, 452, 689 A.2d 114, cert. denied, 241 Conn. 906,695 A.2d 539 (1997). "Two recognized exceptions to the exhaustion doctrine are in circumstances in which recourse to the CT Page 12898 administrative remedy would be inadequate or demonstrably futile."[1] Johnson v. Depart. of Public Health,48 Conn. App. 102, 113, 710 A.2d 176 (1998).
"It is well settled . . . that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in collective bargaining agreements] . . ." (Internal quotation marks omitted.) Labbe v. Pension Commission,229 Conn. 801, 811, 643 A.2d 1268 (1994). In Labbe v. PensionCommission, the Court held that "we have . . . carved out several exceptions from the exhaustion doctrine . . . including one where the administrative remedy is inadequate or futile." (Internal quotation marks omitted.) Id., p. 812. "The law does not require the doing of a useless thing." (Internal quotation marks omitted.) Id., p. 813. See also Greenwich v. Liquor ControlCommission, 191 Conn. 528, 542, 469 A.2d 383 (1983) ("[a] remedy need not be exhausted if to do so would be a futile gesture"). (Internal quotation marks omitted.).
It is obvious to the court that if the defendant has been unable to convene and complete a hearing since March 11, 1997 when the plaintiff first requested a hearing that further attempts to reconvene and complete this process would be "futile." Therefore the court will deny the defendants Motion to Dismiss.
PELLEGRINO, J.